## TUTTLE *vs.* GORDON.

Where the answer of a garnishee is not denied in a proper manner, the garnishee should move to dismiss the proceedings against him, and not demur to the denial.

ERROR to Clay Circuit Court.

TOMPKINS, *Judge, delivered the opinion of the Court.*

Thomas C. Gordon sued Nelson P. Owens, by attachment on a liquidated demand, as it appears by the transcript sent up; and Tuttle being summoned as garnishee, answered, that he had no funds of Owens' in his hands, and said, that at the time he was summoned as garnishee in said suit, he had no property of any kind belonging to the defendant in his hands, or under his control, nor has he since had any; that, at the time he was summoned as garnishee in this cause, he was, on settlement, indebted to the defendant in the sum of $900, all of which money he has paid on other judgments obtained against said defendant, in which he had been summoned as garnishee, before he had been summoned as such in this cause.

The plaintiff denied the truth of the answer, and averred that, at the time Tuttle was summoned as garnishee in the cause, he was indebted to the defendant in a much greater sum than nine hundred dollars, to wit, in the sum of fifteen hundred dollars.

Neither party requiring a jury, the court, sitting as a jury, found the garnishee, Tuttle, indebted to the defendant, Owens, in a much greater sum than nine hundred dollars, and gave judgment against him for $228, the amount of the judgment obtained by Gordon against Owens.

On the trial of the cause, the garnishee, Tuttle, offered to file a demurrer to the denial of his answer by the plaintiff, and the court refused to permit him to do so. He excepted to the opinion of the court. It seems to me that it would have been a more proper course for the garnishee to move the court to dismiss the proceed-

ings against him, if he supposed his answer not sufficiently denied by the plaintiff. An insufficient denial might amount to an admission of the truth of the answer, and in such case the garnishee might be discharged; but I am of opinion that the answer of the garnishee was denied in terms plain and direct enough, and that the Circuit Court committed no error in refusing to the demurrer a place on the record.

In a second bill of exceptions, it appears, that the allegations and interrogatories filed in the Platte Circuit Court (whence this cause was transferred to the Clay Circuit Court) had not been marked as filed there. This is a very slight objection, since Tuttle, by coming and answering the interrogatories, has cured the defect of not filing in the Circuit Court of Platte county. It might otherwise have been necessary to send the papers back to file them in that court.

It was also in evidence that Tuttle had been heard to admit that he and Owens had a contract for making brick for the United States, at the garrison, as partners; and that if they did not furnish any more brick, Owens, the defendant, would have coming to him $1,500 or $2,000; and that he had received information from the officer of the post that his money was ready.

This being the evidence in the cause, the garnishee, Tuttle, moved the court to grant a new trial, because the evidence was not sufficient to warrant the verdict and judgment in the cause. The evidence seems amply sufficient to justify the verdict and the judgment of the court in the cause, and it is to be presumed that the garnishee so regarded it, otherwise he would not have consented that the judge should sit in the cause to perform the office both of judge and jury.

In cases of doubt and difficulty it seems that the parties ought to have a jury, and not to ask of the court to perform the office both of judge and jury; but in this case, there seems to have been no room for doubt, and the judge seems to have discharged very correctly his two-fold duties.

The judgment is affirmed.